******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAW OFFICES OF FRANK N. PELUSO, P.C.,
ET AL. *v.* JOY M. RENDAHL
(AC 38036)

Alvord, Sheldon and Gruendel, Js.

*Argued November 30, 2016—officially released January 24, 2017*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Povodator, J.)

*Paul B. Ciarcia*, with whom, on the brief, were *Frank
N. Peluso*, self-represented, and *J. David Griffin*, for
the appellants (plaintiffs).

*Philip Russell*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Law Offices of Frank
N. Peluso, P.C., and Frank Peluso, appeal from the
judgment of the trial court dismissing their complaint
against the defendant, Joy M. Rendahl, on the basis of
absolute litigation immunity. We agree with the defen-
dant that the plaintiffs' brief on appeal is inscrutable.
Nonetheless, even if we were to read the plaintiffs'
primary claim broadly, in the manner advanced at oral
argument, i.e., as claiming that the defendant does not
have absolute immunity or, alternatively, that we should
abrogate any legal precedent affording the defendant
absolute immunity, we conclude that the claim fails on
the merits.[1]

The present case arises out of a series of disputes
that our trial courts have aptly characterized as an
"escalating," "all-out" war involving "needless vitupera-
tion between the parties and their attorneys." On
November 20, 2012, the plaintiffs filed a second revised
complaint ("operative complaint"), alleging four causes
of action based on the defendant's successful removal
of Peluso as executor of the estate of her mother, Fran-
ces Middleton Rendahl, and successful challenge to the
fees the plaintiffs charged for their services to the
estate.[2] Specifically, the plaintiffs pleaded the following
tortious conduct for each count: "seeking to remove
Frank N. Peluso, Esq. as Executor of the decedent's
Estate, and by seeking to eliminate the Plaintiffs' earned
fees for their duties as Executor and Attorney for the
decedent's Estate."

On March 27, 2015, the defendant filed a motion to
dismiss the plaintiffs' complaint for lack of subject mat-
ter jurisdiction because her allegedly tortious conduct
occurred during the course of a probate proceeding to
remove Peluso as executor of her mother's estate and
to reduce the plaintiffs' attorney's fees. At a hearing on
the motion to dismiss, the trial court, *Povodator, J.*,
asked the plaintiffs whether there was any conduct
alleged that did not arise out of the probate matter and
therefore come within the scope of absolute litigation
immunity. The plaintiffs acknowledged that there was
not. On May 15, 2015, the court granted the defendant's
motion to dismiss because the defendant had absolute
litigation immunity. This appeal followed.

"[W]hether [parties] are protected by absolute immu-
nity for their conduct during judicial proceedings is a
question of law over which our review is plenary. . . .
As the doctrine of absolute immunity concerns a court's
subject matter jurisdiction . . . we are mindful of the
well established notion that, in determining whether a
court has subject matter jurisdiction, every presump-
tion favoring jurisdiction should be indulged. . . . The
question before us is whether the facts as alleged in
the pleadings, viewed in the light most favorable to

the plaintiff, are sufficient to survive dismissal on the grounds of absolute immunity." *Perugini* v. *Giuliano*, 148 Conn. App. 861, 873, 89 A.3d 358 (2014).

Counts one and two of the operative complaint allege tortious interference with business and contractual relationships. Our Supreme Court has held that absolute immunity bars claims based on tortious interference with business and contractual relationships when the alleged conduct occurred during the course of a judicial or quasi-judicial proceeding. *Rioux* v. *Barry*, 283 Conn. 338, 351, 927 A.2d 304 (2007). It is well established that "as an intermediate appellate body, we are not at liberty to discard, modify, reconsider, reevaluate or overrule the precedent of our Supreme Court." *DePietro* v. *Dept. of Public Safety*, 126 Conn. App. 414, 422 n.3, 11 A.3d 1149, cert. granted on other grounds, 300 Conn. 932, 17 A.3d 69 (2011). Accordingly, the court properly dismissed counts one and two.

Count three of the operative complaint alleges tortious interference with the administration of an estate. Neither this court nor the Supreme Court has considered whether absolute immunity applies to claims based on tortious interference with the administration of an estate when the alleged conduct occurred during the course of a judicial or quasi-judicial proceeding. We conclude, however, that the application of our Supreme Court's reasoning in *Rioux* v. *Barry*, supra, 283 Conn. 350–51, to the factual and legal scenario in the present case is appropriate. As a result, we conclude that absolute immunity bars a claim of tortious interference with the administration of an estate when the alleged conduct occurred during the course of a judicial or quasi-judicial proceeding. Accordingly, the court properly dismissed count three.

Finally, count four of the operative complaint alleges negligent infliction of emotional distress. This court has held that absolute immunity bars claims for negligent infliction of emotional distress when the alleged conduct occurred during the course of a judicial or quasi-judicial proceeding. *Perugini* v. *Giuliano*, supra, 148 Conn. App. 873–74; *Stone* v. *Pattis*, 144 Conn. App. 79, 98, 72 A.3d 1138 (2013). We decline the plaintiffs' invitation to discard, modify, reconsider, reevaluate, or overrule our precedent on this issue. Accordingly, the court properly dismissed count four.

The judgment is affirmed.

[1] On appeal, the plaintiffs also claim that the trial court erroneously failed to consider the "[p]laintiffs' legal perspective that the [d]efendant's arguments, in favor of dismissal, were more appropriate for a summary judgment motion" and "the cumulative nature of the [trial court's] errors deprived [them] of a fair hearing and require a new hearing." These claims lack merit.

[2] After briefs were filed, this court summarily affirmed the judgment of the trial court removing the plaintiffs as executor of the estate of Frances Middleton Rendahl and reducing the fees awarded to the plaintiffs. *In re Probate Appeal of Peluso*, 168 Conn. App. 901,    A.3d    (2016).